UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61553

ERICK VASQUEZ,

     Plaintiff,

vs.

J & J GROUP SERVICES INC,
CARLOS J. JUAREZ, and
CESAR J. JUAREZ BANEGAS,

     Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Erick Vasquez, sues Defendants, J & J Group Services Inc, Carlos J. Juarez and Cesar J. Juarez Banegas, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Erick Vasquez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly non-exempt employee of Defendants.

3.     Plaintiff consents to participate in this lawsuit.

4.     **Defendant, J & J Group Services Inc,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its framing/drywall business throughout this District, with an office / place of business within Broward County, Florida, and it is *sui juris*.

5.     **Defendant, Carlos J. Juarez**, was at all material times a resident of this District in Miami-Dade County; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant, for the relevant time period. He ran its day-to-day

1

operations and was partially or totally responsible for paying Plaintiff's wages.

6.     **Defendant, Cesar J. Juarez Banegas**, was at all material times a resident of this District in Miami-Dade County; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant, for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

7.     Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

8.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

9.     This Court has original jurisdiction over Plaintiff's federal question claims.

### Background Facts

10.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11.     Furthermore, Defendants have been at all times material engaged in interstate commerce in the course of their performance of interior drywall and framing using lumber, metal studs, drywall, hand tools, fasteners, and materials and supplies which had been placed in the stream of commerce from outside of the State of Florida and then incorporated these raw materials and supplies using materials (equipment) that also was placed into the stream of

2

interstate commerce into the construction and construction management performed by Defendants.

12.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

14.     Plaintiff worked for Defendant as a framer/installing drywall worker from 2017 to February 8, 2019.

15.     During this time, Plaintiff utilized tools, machinery, materials, wood, metal studs, fasteners, and supplies that were provided to him by Defendants and that traveled in interstate commerce prior to Plaintiff's use of the same.

16.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

17.     Defendants agreed to pay Plaintiff an hourly rate of $18.00 per hour for each hour (or part thereof) that he worked.

18.     Plaintiff regularly and routinely worked more than 40 hours in a workweek.

19.     Defendants, however, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

26.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

3

27.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

28.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

29.     All conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

30.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Erick Vasquez, demands the entry of a judgment in his favor and against Defendants, J & J Group Services Inc, Carlos J. Juarez and Cesar J. Juarez Banegas, jointly and severally, after trial by jury and as follows:

a.     That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.     That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recovers all interest allowed by law;

4

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of June 2019.

Respectfully Submitted,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:     305.230.4884

5